**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph B. JACOBS,
Defendant–Appellant.**

No. 88–3794.

United States Court of Appeals,
Sixth Circuit.

Argued April 31, 1989.

Decided June 8, 1989.

Rehearing and Rehearing En Banc
Denied July 26, 1989.

Thomas Bauer, Asst. U.S. Atty. (argued), Cleveland, Ohio, for U.S.

David A. Wallace (argued), Akron, Ohio, for Joseph Brent Jacobs.

Before RYAN and NORRIS, Circuit Judges, and TURNER, District Judge.*

RYAN, Circuit Judge.

Defendant appeals his sentence following conviction for possession of an illegal weapon, arguing that the sentencing guidelines issued by the United States Sentencing Commission are unconstitutional. Because we conclude that the guidelines are constitutional, we affirm.

## I.

Defendant was indicted by the grand jury on four counts of possession of an illegal weapon in violation of 26 U.S.C. §§ 5861(d) and 5871. Count I alleged that defendant illegally possessed the firearm on October 1, 1987. Counts II, III, and IV all alleged that defendant illegally possessed a firearm subsequent to November 1, 1987. Defendant pled guilty to Counts I, II, and III.

At sentencing, the district court applied the sentencing guidelines as promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 28 U.S.C. §§ 991–98 (Supp. IV 1986), to determine defendant's sentence on Counts II and III. The court concluded that the guidelines required a sentence in the range of twelve to eighteen months, and therefore sentenced defendant to eighteen months in prison on both Count II and Count III. The court did not apply the sentencing guidelines to Count I because they did not take effect until November 1, 1987. Without reference to the guidelines, the court sentenced defendant to eighteen months in prison on Count I as well. The eighteen-month sentences on all three counts are to run concurrently.

Prior to the court's imposition of sentence, defendant filed a motion requesting that the court sentence him without regard to the guidelines. In support of this motion, defendant argued that the sentencing guidelines were unconstitutional on a variety of grounds. The district court, ruling from the bench, denied defendant's motion, and held that "I do not believe that it is my function to find that these guidelines, or the way the Commission was set up, or empowered, is unconstitutional." Defendant now appeals the district court's refusal to disregard the sentencing guidelines.

## II.

The majority of defendant's arguments against the constitutionality of the sentencing guidelines were rejected by the Supreme Court's recent decision in *Mistretta v. United States,* — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). In particular, the Court rejected arguments, now presented by defendant, that (1) Congress' placement of the United States Sentencing Commission within the judicial branch, see 28 U.S.C. § 991(a), violates the case and controversy requirement of Article III; — U.S. at ——, 109 S.Ct. at 661–67, 102 L.Ed. 2d at 738–46; (2) Congress' requirement that Article III judges participate as voting members of the United States Sentencing Commission violates the doctrine of separation of powers; *id.,* — U.S. at ——–——, 109 S.Ct. at 667–73, 102 L.Ed.2d at 746–53; and (3) the presidential power to remove members of the Commission, see 25 U.S.C. § 991(a), provides the executive with excessive control over Article III judges such that the functions of the judicial branch are impaired. — U.S. at ——, 109 S.Ct. at 673–75, 102 L.Ed.2d at 753–55. Defendant's only surviving argument following *Mistretta* is the contention that the sentencing guidelines violate the due process clause of the fifth amendment by limiting the amount of information which the sentencing judge may consider and restricting the sentencing judge's discretion to weigh

---

* The Honorable Jerome Turner, United States District Judge for the Western District of Tennessee, sitting by designation.

and evaluate the evidence before imposing a sentence.

With respect to this argument, defendant essentially adopts the position advanced by, *inter alia*, the Central District of California in *United States v. Ortega Lopez*, 684 F.Supp. 1506 (C.D.Cal.1988) (en banc). The court explained that "the mechanical formulas and resulting narrow range of sentences prescribed by the Guidelines violate the defendant's right to due process of law ... by divesting the Court of its traditional and fundamental function of exercising its discretion in imposing individualized sentences according to the particular facts of each case." *Id.* at 1513. While acknowledging that "[t]he Guidelines do require a court to consider certain enumerated factors specific to individual offenders," the court found that "the rigid, computerized nature of the guidelines—which assign positive or negative numerical values to various sentencing factors and 'adjustments'—precludes the trial court from *weighing* the importance of aggravating and mitigating factors relating to both the offender and the offenses of conviction. This weighing responsibility of the trial judge rests at the core of due process." *Id.* (citations omitted) (emphasis in original).

The argument raised by defendant here was considered, and rejected, by all three appellate courts which thus far have addressed it. *United States v. White*, 869 F.2d 822 (5th Cir.1989); *United States v. Vizcaino*, 870 F.2d 52 (2nd Cir.1989); *United States v. Frank*, 864 F.2d 992 (3rd Cir. 1988). The *Frank* court explained that defendant's "complaint ... goes not to procedures for determining the appropriate guideline range, but to the substance of the invasion of liberty that results from its application." 864 F.2d at 1008. The court observed that, while conceivable, a mandatory sentencing system which violated substantive due process could exist only if the mandatory sentences were so disproportionate as to be cruel and unusual. *Id.* at 1009. The court rejected the claim that the absence of individualized treatment violated due process. *Id.* at 1009–10. The Fifth and Second Circuits reached identical conclusions in *White* and *Vizcaino* respectively.

This holding is supported by prior Supreme Court dicta. In *United States v. Grayson*, 438 U.S. 41, 45, 98 S.Ct. 2610, 2613, 57 L.Ed.2d 582 (1978), the Court observed that early in our history, Congress prescribed the exact punishment for each crime. Indeed, a plurality of the Court has stated "that the concept of individualized sentencing in criminal cases generally, *although not constitutionally required*, has long been accepted in this country." *Lockett v. Ohio*, 438 U.S. 586, 602, 98 S.Ct. 2954, 2963, 57 L.Ed.2d 973 (1978) (emphasis added). Further support for the position taken by the *Frank* court may be found in the decisions upholding mandatory prison terms set by Congress in the face of substantive due process challenges. *See, e.g., United States v. Goodface*, 835 F.2d 1233, 1236 (8th Cir.1987). We join the Second, Third, and Fifth Circuits in holding that there exists no substantive due process right to individualized sentencing such that Congress may not prescribe the exact prison term to which a convicted defendant shall be sentenced. It follows that Congress may also prescribe a narrow range of prison terms within which a convicted defendant must be sentenced; such prescription does not constitute a denial of due process.

Congress properly delegated the authority to fix sentencing guidelines to the United States Sentencing Commission. *Mistretta*, —— U.S. at ——–——, 109 S.Ct. at 654–58, 102 L.Ed.2d at 730–35. The Sentencing Commission, in turn, has promulgated guidelines which require the district judge to impose a sentence of between twelve and eighteen months on defendant in this case. Defendant does not challenge the district court's application of the guidelines to the facts of the case at bar. Similarly, defendant does not contend that the *procedure* followed by the district court in determining his sentence was infirm. We therefore conclude that the sentencing guidelines, both on their face and as applied in this case, do not violate the due process clause of the fifth amendment.

The judgment of the district court is AFFIRMED.