925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Drew PEAR, Defendant-Appellant.
 No. 90-1191.
 United States Court of Appeals, Sixth Circuit.
 Jan. 7, 1991.
 
 Before KRUPANSKY, RALPH B. GUY, Jr., and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Michael Pear, entered a conditional guilty plea[1] to one count of manufacturing 400 marijuana plants, in violation of 21 U.S.C. Sec. 841(a)(1). The marijuana was discovered when a search warrant was executed at Pear's home.
 
 
 2
 After indictment, Pear unsuccessfully moved to suppress the evidence concerning the marijuana, contending that the search warrant was invalid. He also filed a separate notice to suppress any statement or admissions he may have made. The suppression motions were denied, and it is these issues that Pear has preserved for appeal as a result of the court accepting his conditional guilty plea. Pear also raises issues in connection with his sentencing. We find no merit in any of the issues raised and affirm.
 
 I.
 
 3
 The search warrant in question was secured and executed by local police authorities on the basis of information received from a confidential informant. Pear argues that it was invalid due to an alleged defective affidavit. The Michigan statute relating to search warrants requires that, if the warrant is based on information from an unnamed informant, the affidavit must affirmatively support either the credibility of the informant or the reliability of the information.[2] Although the affidavit here arguably contained neither, the confidential unnamed informant was brought before the issuing magistrate and attested under oath to the facts contained in the affidavit.[3]
 
 
 4
 The government makes three arguments on this issue: (1) substantial compliance with the Michigan statute; (2) the "good faith" exception of United States v. Leon, 468 U.S. 897 (1984); and (3) probable cause is determined by federal standards in a federal prosecution even when a state search warrant is at issue. We find that we need go no further in our analysis than to discuss the first issue--substantial compliance.[4]
 
 
 5
 The Michigan statute is obviously concerned with the possibility of abuse of the search warrant process when unnamed persons provide the key information. It is understandable why there is a requirement that the informant's credibility be vouched for or that the information provided is otherwise corroborated. However, these requirements are directed at "second-hand" information. In those rare instances when the police produce the informant and he or she is put under oath, the issuing magistrate is able to make a direct assessment of credibility. Even more importantly, the magistrate hears "first-hand" the information that provides the probable cause. We find no infirmity in the affidavit or the process which resulted in the issuance of the warrant.[5]
 
 II.
 
 6
 Defendant's next issue concerns credibility determinations made by the magistrate and the trial judge. Pear claims that before being questioned on the date the search warrant was executed, June 1, 1989, and later by FBI agents on June 19, 1989, when he was arrested, he asked for a lawyer. The police officers involved claimed that Pear inquired as to the process for obtaining court appointed counsel but never asked that questioning be postponed until he could consult a lawyer.[6] In United States v. Cooke, No. 89-2261, --- F.2d ---- (6th Cir.Oct. 1, 1990), we stated:
 
 
 7
 [T]he party attacking the judicial officer's credibility determination must do more than just allege that the parties told conflicting stories. An effort must be made to demonstrate why the trial court's conclusion is clearly erroneous. On appeal all we have is the cold record, and we accord considerable deference to the credibility findings of the trial court.
 
 
 8
 Id., slip op. at 5. Here, the defendant offers nothing to support his version of what occurred. The government, on the other hand, has a most convincing piece of evidence that supports its version of what occurred. Prior to his June 19, 1989, questioning by FBI agents, Pear executed a waiver of rights form which reads in pertinent part:
 
 
 9
 You have the right to talk to a lawyer for advice before we ask you any questions and to have a lawyer with you during questioning. If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish. If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.
 
 
 10
 Beneath this is a declaration by the defendant that he has read and understands his rights, together with the statements: "I am willing to make a statement and answer questions. I do not want a lawyer at this time." This was sufficient in the minds of the magistrate and the trial judge to tip the credibility scales in favor of the government. We agree and find no error in denying the motion to suppress defendant's statements.
 
 III.
 
 11
 A suppression hearing was conducted by the magistrate, and defendant subsequently filed objections to the magistrate's report and recommendation. Pear now argues that the trial judge did not conduct the necessary "de novo" review[7] because he neither read the transcript of the hearing nor listened to recordings.[8]
 
 
 12
 Satisfaction of the requirements of a "de novo" review will vary from case to case and depend, in large part, on the nature of the objections that have been raised to the magistrate's findings. The defendant raised three objections here. One concerned the alleged defective search warrant affidavit. The trial judge rejected the magistrate's conclusion that compliance with state warrant procedures was not required, but upheld the warrant upon a finding that there was substantial compliance with state procedural requirements. No review of the hearing record was necessary to make this determination.
 
 
 13
 Defendant's other objections relate to the differing versions of the police and Pear as to whether he asked for counsel before continuing with questioning. The district court resolved this testimonial "deadlock" by using the waiver form signed by the defendant as a "tie breaker." Defendant does not suggest how a review of the hearing transcript would have changed or otherwise affected this conclusion.
 
 
 14
 Without meaning to suggest that a failure to review a hearing transcript may never be fatal to conducting a proper de novo hearing, we conclude that, here, no purpose would have been served by the trial judge reviewing the hearing transcript.
 
 IV.
 
 15
 Defendant next argues that since this was a state investigation initiated by a state issued search warrant, the prosecution should have been by state rather than federal authorities. Although the defendant may have preferred to have been prosecuted under state statutes, the offense committed also violated federal law. The defendant offers no relevant authority for the proposition that when conduct violates both state and federal statutes, a federal prosecution is somehow improper,[9] and we know of none. Indeed, it is possible for defendants to be prosecuted both locally and federally for the same wrongful conduct.
 
 
 16
 In a related argument, the defendant maintains that the federal drug laws cannot have nationwide application and apply only in federal enclaves--Washington, D.C., and the "territories and insular possessions of the United States." This contention is patently absurd. Defendant ?? 18 U.S.C. Sec. 7, which gives the federal government jurisdiction over state criminal offenses if committed on federal property or in federal enclaves. General federal criminal statutes have nationwide jurisdiction.
 
 V.
 
 17
 The final argument offered by defendant is that the imposition of the five-year mandatory minimum sentence violated his due process rights because the trial judge had no discretion to consider mitigating factors such as whether the marijuana was intended for personal use or sale. This type of "individualized sentencing" argument was considered and rejected by our court in United States v. Jacobs, 877 F.2d 460 (6th Cir.1989). It has also been uniformly rejected by all the other circuits that have considered it.[10]
 
 
 18
 Defendant's other sentencing arguments have also been considered by other circuits and rejected. Pear argues that the enhanced penalty that attaches when over 100 marijuana plants are involved has no necessary relationship to how much marijuana could be produced, its purity, and whether its production was related to sale or personal use. Pear contends this results in a due process and equal protection violation. In considering the identical argument in the context of a cocaine prosecution, the Fourth Circuit held:
 
 
 19
 In their first argument, [defendants] contend without supporting authority that the Acts' classification of punishment by quantity of contraband without regard to its purity or the role of the offender is arbitrary and without a rational basis and therefore violative of the fifth amendments due process clause and its equal protection component.
 
 
 20
 "[T]he test of equal protection validity regarding this type of legislation is 'whether the classifications drawn in [the] classifications drawn in [the] statute are reasonable in light of its purpose." United States v. Richards, 737 F.2d 1307, 1310 (4th Cir.1984), cert. denied, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1986) (quoting McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964)). "A court does not concern itself as to whether the legislature made a correct judgment, but only whether it made a rational one. In other words, the test of constitutional validity is whether the legislature rationally could have decided that the classification would further the statutory purpose." Richards, 737 F.2d at 1310.
 
 
 21
 United States v. Whitehead, 849 F.2d 849, 859 (4th Cir.1988). We agree with the Fourth Circuit. Congress acted rationally when it decided that the more marijuana that was grown, the greater potential for increased distribution and increased harm. This is not changed by Pear's unsupported contention that all 400 plants were just to supply his personal needs.
 
 
 22
 Defendant's last argument is that the five-year sentence amounts to cruel and unusual punishment in violation of the fifth amendment. Stated another way, the punishment is disproportionate to the crime. We think this argument is subsumed by our conclusion that Congress properly set a five-year minimum sentence for this offense. The district judge sentenced Pear to the minimum sentence authorized. As far as the right of courts to review the proportionality of sentences mandated by Congress, the Supreme Court has gone no further than to indicate that may be possible in death cases or where life sentences without parole are involved. Solem v. Helm, 463 U.S. 277 (1983). No court has ever indicated it had authority to second guess the Congress when sentences for a relatively short term of years are involved.
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 Fed.R.Crim.P. 11(a)(2) provides for the taking of conditional pleas of guilty
 
 
 [2]
 Mich.Comp. Laws Ann. Sec. 780.653 (West Supp.1990) states:
 Sec. 3. The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains 1 of the following:
 (a) If the person is named, affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information.
 (b) If the person is unnamed, affirmative allegations from which the magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.
 
 
 [3]
 Among other things, the informant stated that he had been in Pear's house within 24 hours, saw hundreds of marijuana plants growing there, and had purchased drugs from Pear in the past
 
 
 [4]
 We note, however, that we do not find the other two arguments advanced by the government to be lacking in merit
 
 
 [5]
 There is no question as to whether the content of the statements provided probable cause since the informant had been in Pear's home within the last 24 hours and saw the marijuana growing
 
 
 [6]
 A person has no right to court appointed counsel until he has been formally accused
 
 
 [7]
 28 U.S.C. Sec. 636(b) reads in relevant part:
 Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.
 
 
 [8]
 This issue was not raised below nor was it an issue preserved for appeal by way of the conditional guilty plea. It, therefore, is not properly before us, but we elect to address briefly the issue
 
 
 [9]
 Defendants reliance on United States v. Roberts, 726 F.Supp. 1388 (D.D.C.1989), is misplaced. In Roberts, the district judge took umbrage with the case transfer policy of the United States Attorney for the District of Columbia. In the District of Columbia, the United States Attorney enforces local and federal law and the court concluded that the United States Attorney was filing cases in the Superior Court and then transferring them for trial to federal court if more time was needed or if a defendant pleaded not guilty. Nothing in the Roberts decision is relevant to the facts here
 
 
 [10]
 See e.g., United States v. White, 869 F.2d 822 (5th Cir.1989); United States v. Vizcaino, 870 F.2d 52 (2d Cir.1989); United States v. Frank, 864 F.2d 992 (3rd Cir.1988)