**UNITED STATES of America,** Plaintiff–Appellee,

v.

**Joseph OGLESBY, Defendant–Appellant.**

No. 02–3143.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

### ORDER

Joseph Oglesby appeals a district court judgment revoking his supervised release and imposing a twenty-four month term of imprisonment. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Oglesby was sentenced to twenty-four months of imprisonment, plus four years of supervised release after being convicted of distributing cocaine in violation of 21 U.S.C. § 841. In November 2000, Oglesby commenced his term of supervised release. In July 2001, the district court modified Oglesby's supervised release to require him to reside in a halfway house for four to six months because of Oglesby's continued drug use. On August 7, 2001, Oglesby entered the halfway house, but he was unsuccessfully terminated from the program on December 13, 2001. In January 2002, the Federal Probation Department filed a revocation petition. Following a revocation hearing, the district court concluded that Oglesby had violated the terms of his supervised release, denied Oglesby's request for a departure and for credit for four months served in a halfway house, and imposed a twenty-four month term of imprisonment. Oglesby filed a timely appeal.

On appeal, Oglesby's counsel filed a motion to withdraw his representation pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), submitting the following issue for review: whether Oglesby is entitled to credit for four months served in a halfway house as a condition of supervised release against the prison sentence imposed upon revocation of his supervised release. In his response to counsel's motion, Oglesby essentially argues that the Sentencing Guidelines are unconstitutional because of the alleged improper delegation of authority to Article III judges to set up the Sentencing Guidelines.

■ The district court properly rejected Oglesby's request for sentencing credit. Although a defendant is entitled to sentencing credit toward "the service of a term of imprisonment for any time he has spent in official detention prior to the date

the sentence commences," 18 U.S.C. § 3585(b), it is the Attorney General, through the Bureau of Prisons, and not the district court that is authorized pursuant to § 3585(b) to grant a defendant credit for time served prior to sentencing. *See United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996). Only after a prisoner seeks administrative review of the computation of this credit, *see* 28 C.F.R. §§ 542.10—.16 (1997), and has exhausted administrative remedies, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *See Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993). Oglesby has not shown and does not even argue that he has pursued his administrative remedies with the Bureau of Prisons as required. Therefore, the court has no authority to review Oglesby's claim for sentence credit. *See Wilson*, 503 U.S. at 333, 112 S.Ct. 1351.

In addition, the district court properly sentenced Oglesby. This court "will affirm a district court's sentence of imprisonment upon revocation of supervised release if it shows consideration of the relevant statutory factors and is not plainly unreasonable." *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir.1999). The policy statements contained in Chapter Seven of the guidelines are merely advisory and the district court need only consider them before imposing sentence upon revocation of supervised release. *Id.* at 310. In addition to consideration of the policy statements, the district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553. *Id.* The sentencing court need not recite any "magic words" explaining whether and how it considered the policy statements contained in the Sentencing Guidelines, or how it weighed the factors set out in 18 U.S.C. § 3553. *Id.* The factors set forth in § 3553 include: 1)

the nature of the offense; 2) the need for deterrence and to protect the public; 3) the desire to provide the defendant with needed training, medical care, or other treatment; 4) any established sentencing range; and 5) the avoidance of unwarranted disparities. *Id.* at 309–10.

Here, while the district court did not expressly discuss the Chapter Seven policy statements, it is clear that the district court considered the relevant factors. The court considered the nature of Oglesby's violations, and concluded that his conduct reflected that he could not "come to terms" with his addiction. The court also considered the established sentencing range. Moreover, Oglesby's two-year term of imprisonment reflects the need to protect the public from further crimes committed by Oglesby and the need to protect Oglesby from himself.

We also conclude that Oglesby's claim that the Sentencing Guidelines are unconstitutional lacks merit. Federal courts have consistently rejected the argument that the Sentencing Guidelines are unconstitutional. *See, e.g., Mistretta v. United States*, 488 U.S. 361, 383–412, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); *United States v. Jacobs*, 877 F.2d 460, 461–62 (6th Cir. 1989).

■ Finally, we have reviewed the record and discovered no error warranting reversal of the district court's decision to revoke Oglesby's parole. This court reviews a district court's action regarding supervised release for an abuse of discretion. *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir.2000), *cert. denied*, 532 U.S. 952, 121 S.Ct. 1424, 149 L.Ed.2d 364 (2001). In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release. *Id.*

A review of the record clearly reflects that Oglesby violated the terms of his su-

pervised release. During the revocation hearing, Oglesby testified that he had read the supervised release revocation report, and that he had reviewed the report with his attorney. In addition, Oglesby acknowledged that he had violated the terms of his supervised release by: a) consuming alcohol in a motor vehicle in October 2001; b) being charged with disorderly conduct in December 2001; c) failing to complete a halfway house program; d) using and possessing cocaine; and e) failing to submit to urine screens as required by probation. Hence, the district court properly concluded that the preponderance of the evidence established that Oglesby had violated the terms of his supervised release.

Accordingly, we grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.