NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0458n.06

No. 17-4286

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 04, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ANTHONY J. BOARD, JR., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

BEFORE:    SUHRHEINRICH, MOORE, and BUSH, Circuit Judges.

SUHRHEINRICH, Circuit Judge. December 14, 2016, was not a good day for Defendant Anthony J. Board, Jr. ("Board"). On that day police executed search warrants on two of his homes and discovered drugs, firearms, and ammunition. He pleaded guilty to possessing fentanyl with intent to distribute it and being a felon in possession of a firearm, and received a sixty-three month sentence. On appeal he challenges a sentencing enhancement for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B), as well as the Bureau of Prison's ("BOP") alleged failure to properly credit previously-served jail time. The first argument is waived, and the second issue is not properly before this court. We therefore deny his appeal.

**I.**

On December 14, 2016, officers in the cities of Barberton, and Akron, Ohio executed search warrants at homes owned by Board. At the Longview Avenue residence in Akron, Ohio, officers found two firearms (one of which was loaded with five rounds of ammunition), 27.71

grams of fentanyl, digital scales, and drug packaging materials. At the College Street residence in Barberton, police found two more handguns loaded with ammunition and an AR-15 style rifle. Board had previously been convicted of several felony criminal offenses resulting in sentences longer than one year, including having a weapon while under a disability.

Board pleaded guilty to[1] one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C.§ 922(g)(1). In his sentencing memorandum, Board objected to the presentence report's four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), and requested a sentence between 63 and 78 months. Three weeks later, the government filed its sentencing memorandum. In that document the government noted that it "ha[d] spoken with Defendant's counsel and learned that the Defendant will withdraw th[e] objection [to "the four level increase under 2K2.1(b)(6)] and that the parties are in agreement that the four level increase should apply." The government requested a 75-month sentence.

At the sentencing hearing, the district court asked defense counsel if Board's initial objections to the presentence report had been "taken care of," and counsel stated that they had. The court then calculated Board's advisory guidelines sentencing range. Starting with a base offense level of 14, the court added two levels because the offense involved five firearms, added two more levels because two of the firearms were stolen, and added the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) because Board possessed at least one of the guns in connection with another felony offense. After a two-level reduction for acceptance of responsibility and another one-point reduction for a timely guilty plea, Board's total offense level was 19. Coupled with a Criminal History Category VI, the resulting range was 63 to 78 months. Board's counsel

---

[1] Board did not have a plea agreement.

agreed with the court's computation, but argued for a departure, asserting that Board's criminal history was overstated. Board did not reiterate his objection to the § 2K2.1(b)(6)(B) enhancement. The court sentenced Board to 63 months, which was the lowest end of the Guideline range and what Board had asked for. The court then asked whether counsel had any other objections to the sentence just imposed. Neither did.

Board is presently incarcerated in the Schuylkill Federal Correctional Institution, located in the Middle District of Pennsylvania.

## II.

### A.

Board claims that the U.S.S.G. § 2K2.1(b)(6)(B) enhancement was impermissible double counting because the firearms were merely in the house where the drugs were recovered. Problem is, Board waived his right to challenge the enhancement when he withdrew his objection to it. Although he initially objected to the inclusion of the enhancement in his sentencing memorandum, after discussions with government counsel he abandoned the objection. And because it is waived, it is not reviewable. *See United States v. Olano*, 507 U.S. 725, 732-33 (1993); *see also United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (stating that a defendant "cannot agree in open court with a judge's proposed course of conduct and then charge the court with error in following that course") (citation and quotation marks omitted).

The enhancement was not improper in any event.[2] The § 2K2.1(b)(6)(B) enhancement applies to defendants who "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The application note for U.S.S.G. §

---

[2] This is all the more true under plain error review, which applies in this case, because Board failed to object at sentencing to the enhancement. *See United States v. Babcock*, 753 F.3d 587, 590 (6th Cir. 2014).

2K2.1(b)(6)(B) explains that the four-level enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* cmt. n.14(A). The guns must be "in close proximity to drugs" and not "merely coincidental" to drug trafficking. *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014). Here, two of the weapons, one of them loaded, ammunition, the large amount of fentanyl, digital scales, and drug packaging material were all found in the kitchen of the Longview Avenue residence. Board told police he owned the house and had been living there for a couple of months. Furthermore, police had purchased fentanyl at the Longview residence in late fall 2016. Thus, it can be reasonably inferred that the firearms were there to bolster or protect Board during drug sales. *See id*. at 929-30. For this reason, there was no "double counting," because the enhancement punished an aspect of Board's conduct distinct from merely being a felon in possession of a firearm. *See United States v. Sweet*, 776 F.3d 447, 451 (6th Cir. 2015) (U.S.S.G. § 2K2.1(b)(6)(B) enhancement punished the defendants for using the firearms to facilitate the distribution of heroin and was distinct aspect of the defendants' conduct); *see also United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (double counting may be permissible where the Sentencing Commission intended to attach multiple penalties to the same conduct). Thus, even if this claim were viable, there is no error, plain or otherwise.

**B.**

Board also complains that he failed to receive jail-time credit for the time he spent in custody before sentencing. A defendant is entitled to credit for time served prior to sentencing, but it is up to the Attorney General, through the Bureau of Prisons, to authorize it. 18 U.S.C. § 3585(b); *United States v. Oglesby*, 52 F. App'x 712, 713-14 (6th Cir. 2002) (order); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Miscalculations of jail-time credits must be challenged under 28 U.S.C. § 2241, not § 2255, *Oglesby*, 52 F. App'x. at 714; *United States v.*

*Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991), and only after the prisoner has exhausted his administrative remedies, *Oglesby*, 52 F. App'x at 714. Furthermore, a § 2241 claim must be brought in the judicial district where the prisoner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 447 (2004). Board has not shown that he exhausted his administrative remedies, and this court cannot review the matter in any event because Board is not confined in a judicial district in this circuit.

## III.

For the foregoing reasons, we **DENY** Board's appeal.