30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julie Marie BRADLEY, Defendant-Appellant.
 No. 94-1177.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MILBURN and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Julie Marie Bradley, a pro se federal prisoner, appeals the denial of her motion for sentence credit, purportedly filed under 18 U.S.C. Sec. 3585(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bradley entered a guilty plea to a charge of conspiracy to distribute marihuana. On January 28, 1991, she was sentenced to seventy-two months of imprisonment and five years of supervised release. This was a downward departure from the statutory minimum sentence of ten years, based on Bradley's cooperation in prosecuting others. The sentence stated that it was to run concurrently with a state sentence and that Bradley was to receive credit for her detention since March 7, 1990. However, Bradley also received credit for this period of detention on her state sentence, and the Bureau of Prisons therefore refused to award her such credit, citing to 18 U.S.C. Sec. 3585(b). The government moved to reduce Bradley's sentence further, pursuant to Fed.R.Crim.P. 35, which motion was granted, at least partly in order to remedy this situation. Bradley was resentenced to forty-eight months of imprisonment. The sentence again stated that she was to receive credit for her detention from March 7, 1990. The Bureau of Prisons, however, continued to compute her sentence as commencing on January 28, 1991, the date of sentencing. Bradley exhausted Bureau of Prisons remedies in an attempt to receive credit for the approximately ten months of time in dispute and also filed a motion to clarify sentence under Fed.R.Crim.P. 36, which was denied. This motion for sentence reduction was then filed and denied by the district court. Bradley's motion for reconsideration was also denied.
 
 
 3
 On appeal, Bradley argues that she is entitled to enforcement of the district court's sentencing order directing that she be given credit for the disputed period of time. The government argues that the district court lacked jurisdiction over this claim. Bradley also correctly points out that, although her release is scheduled for July 23, 1994, this matter does not become moot as the requested relief would also affect her supervised release dates. See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993) (per curiam).
 
 
 4
 Upon review, we conclude that the district court lacked jurisdiction to grant the relief requested. As this motion challenged the computation of Bradley's sentence, the motion could only properly be filed under 28 U.S.C. Sec. 2241 in the district where she is incarcerated, which is in West Virginia. See Wright v. United States Bd. of Parole, 557 F.2d 74, 76-77 (6th Cir.1977). Bradley's argument that the district court was required to enforce its sentencing order lacks merit, as the Supreme Court has held that a sentencing court is not authorized under 18 U.S.C. Sec. 3585(b) to compute the credit to which a defendant is entitled at sentencing. United States v. Wilson, 112 S.Ct. 1351, 1354 (1992).
 
 
 5
 Accordingly, the district court order denying this motion for sentence credit is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.