42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen D. AKRIDGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5151.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1994.
 ORDER
 
 1
 Before: MARTIN and BOGGS, Circuit Judges, and BELL, District Judge.*
 
 
 2
 Stephen D. Akridge appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, Akridge pleaded guilty to using a firearm during and in relation to a drug trafficking crime and the district court sentenced him to five years of imprisonment. Pursuant to the terms of the plea agreement, Akridge did not file a direct appeal.
 
 
 4
 Akridge subsequently filed a motion to vacate sentence in which he argued that: (1) his conviction violated the Double Jeopardy Clause; (2) he received ineffective assistance of counsel; (3) the prosecution waited an excessive period of time prior to indicting him; and (4) he did not receive credit toward his sentence for time served in official detention before his sentence began to run. The district court determined that his claims were without merit and dismissed the case. Akridge has filed a timely appeal. On appeal, the government has filed a motion to dismiss, arguing that Akridge waived his right to file a Sec. 2255 motion in his plea agreement.
 
 
 5
 Initially, we note that the government's motion to dismiss the appeal is without merit. Motions to dismiss ordinarily may not be filed on grounds other than lack of jurisdiction. See Rule 8(a), Local Rules of the United States Court of Appeals for the Sixth Circuit. As the motion does not argue that this court lacks jurisdiction, we deny the motion.
 
 
 6
 Upon review, we conclude that the district court properly denied Akridge's motion to vacate filed pursuant to 28 U.S.C. Sec. 2255. Akridge has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). As Akridge did not raise his claims in a direct appeal, he has waived his right to raise these issues unless he can show cause and prejudice for failing to raise them previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Akridge has not argued cause to excuse his failure to file a direct appeal; indeed, he agreed not to pursue a direct appeal as part of his plea agreement. Nor was he prejudiced by not raising these issues previously. Akridge's federal conviction was not the result of impermissible successive prosecutions. See Heath v. Alabama, 474 U.S. 82, 88-89 (1985). Akridge has also not shown that he received ineffective assistance of counsel in the proceedings resulting in his federal conviction. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Nor was Akridge's conviction the result of excessive preindictment delay. See United States v. Brown, 959 F.2d 63, 66 (6th Cir.1992). Lastly, to the extent that Akridge argues that he should receive credit towards his sentence for time served in official detention before his sentence began to run, the Attorney General, through the Bureau of Prisons, is authorized to grant such credit pursuant to 18 U.S.C. Sec. 3585(b). United States v. Wilson, 112 S.Ct. 1351, 1354 (1992). While a district court may grant relief under 28 U.S.C. Sec. 2241 if a sentence is not properly credited, McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993), Akridge has not shown that he has exhausted his administrative remedies with the Bureau of Prisons, as is required before the federal courts may review a decision denying the defendant credit for presentence detention. See United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir.1992), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 7
 Accordingly, we deny the government's motion to dismiss and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation