66 F.3d 327
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald SCOTT, also known as Don M. Scott, Defendant-Appellant.
 No. 93-2390.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1995.
 
 Before: MARTIN and RYAN, Circuit Judges, and JOHN R. GIBSON, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Donald Scott appeals the thirty-month sentence imposed by the district court following this court's reversal of his original thirty-three month sentence. Scott argues his sentence violates this court's decision and the sentencing guidelines. We reverse.
 
 
 2
 Scott pled guilty to possessing a firearm as a convicted felon. 18 U.S.C. Sec. 922(g)(1) (1988). The plea agreement provided Scott's sentence would be at or below the middle of the appropriate guideline range.
 
 
 3
 The presentence report determined that Scott's base offense level was nine under USSG Sec. 2K2.1(a) (1988),[1] that he had eighteen criminal history points (placing him in Criminal History Category VI), and that he was not entitled to a two-point reduction for acceptance of responsibility under USSG Sec. 3E1.1 (1988). The presentence report calculated a guideline imprisonment range of twenty-one to twenty-seven months.
 
 
 4
 The district court rejected Scott's plea agreement and sentenced him to thirty-three months. The court determined that Scott's criminal history category did not adequately reflect the seriousness of Scott's recorded criminal history. The court pointed out that many of Scott's convictions were not scored in his criminal history calculation because they were misdemeanor convictions. In calculating a defendant's criminal history, United States Sentencing Guideline Section 4A1.1(c) (1988), restricts to four the number of criminal history points added for convictions resulting in a sentence of imprisonment less than sixty days. Without such a restriction, Scott would have received an additional seven points. Therefore, the court concluded that Scott's extensive criminal history warranted a two-level upward departure under USSG Sec. 4A1.3 (1988).
 
 
 5
 Scott appealed his sentence. Although neither Scott nor the government attacked the computation of his criminal history, we determined that the presentence report improperly assessed points for a September 13, 1979, conviction for reckless driving, a July 19, 1989, conviction for possession of an open intoxicant, and an April 7, 1988, conviction for assault and battery. United States v. Scott, No. 92-2244, slip op. at 4 (6th Cir. Aug. 9, 1993) (per curiam). We determined that Scott should have received only thirteen criminal history points, the minimum number of points necessary for Criminal History Category VI. Id. at 5. We concluded that the guidelines already considered these types of convictions and that the district court "should not have departed from the guidelines range." Id. We remanded for "re-sentencing consistent with this opinion and within the applicable guidelines range." Id. At resentencing, the government, Scott, and the district court judge were perplexed by our decision. The district court reviewed the presentence report and concluded that Scott had not objected to the computation of his criminal history. More importantly, the court determined that, contrary to our statements, the presentence report did not assess any points for the reckless driving or open intoxicant convictions and did not even refer to the April 7, 1988, assault and battery conviction.[2] The district court characterized our decision as "patently erroneous" and concluded that we based our decision on the "false premise" that Scott's criminal history included convictions which, in actuality, it did not. The court once again determined that Scott's criminal history was eighteen, and that Scott's extensive criminal history warranted a two-level upward departure under USSG Sec. 4A1.3 (1988). The court determined a twenty-seven to thirty-three months imprisonment range and sentenced Scott to thirty months.[3]
 
 
 6
 The law of this circuit could not be more straightforward. A decision by this court is the "controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this court sitting en banc overrules the prior decision." Salmi v. Secretary of Health & Human Services, 774 F.2d 685, 689 (6th Cir.1985). In addition, "[t]he law of the case doctrine and mandate rule generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court." United States v. Moored, 38 F.3d 1419, 1421 (6th Cir.1994).
 
 
 7
 In Moored, we explained the "law of the case" doctrine and the "mandate rule." 38 F.3d at 1421-22. In that case, the district court initially sentenced the defendant to twenty-seven months imprisonment for wire fraud. Id. at 1420. This court vacated the sentence, concluding that the district court erred by including a potential loss in the computation of total loss, by adding two levels for abuse of a position of trust, and by not adequately considering the acceptance of responsibility issue. Id. at 1420-21. Id. At resentencing, the court recalculated the loss and reimposed the same sentence. Id. at 1421. We explained that the district court is bound by the rulings of the appellate court unless "there is substantially different evidence raised in a subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice." Id. (citation and internal quotation marks omitted). We concluded that the district court did not violate the law of the case doctrine or mandate rule by reconsidering its earlier ruling determining the amount of loss because this court did not decide that issue. Id. at 1422.
 
 
 8
 The circumstances here differ from those in Moored. Here, this court explicitly considered Scott's criminal history calculation and remanded the case with specific directions that Scott be sentenced within "the applicable guidelines range" of twenty-one to twenty-seven months. Although the district court differed with our earlier opinion on the points used to calculate Scott's criminal history, the court acknowledged that a criminal history of either eighteen or thirteen resulted in a criminal history category of VI. Our first opinion decided that the district court should not have departed from the guideline range based on information which was "adequately taken into consideration by the Sentencing Commission." This statement correctly stated the law, whether Scott fell at either end of Criminal History Category VI. The parties do not argue that any of the limited exceptions to the law of the case doctrine or mandate rule apply, nor do we believe the circumstances authorize the district court to vary from the directions of this court. Neither party filed a petition for rehearing by the panel or en banc. See Fed.R.App.P. 35, 40. Neither party requested clarification, correction, or modification of our opinion. The judgment and mandate issued. Thus, the panel opinion controls. The district court judge had no choice but to follow the directions of this court. Likewise, this panel has no authority to change, modify, or depart from our first decision.
 
 
 9
 We reverse the district court's judgment and remand with instructions that Scott be resentenced within the twenty-one to twenty-seven months guideline range.
 
 
 
 *
 The Honorable John R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The district court used the 1988 version of the Sentencing Guidelines, the guidelines in effect at the date of the offense
 
 
 [2]
 Scott's counsel's explanation for the discrepancy between the statements in our earlier decision and the presentence report is the possibility that we received Scott's penal farm record from Scott's wife. A review of the record does not indicate that this happened. It does appear that the plea agreement referred to a worksheet used to calculate the offense level, and its enumeration of earlier convictions differed in some respects from the presentence report. The record does not account for these differences. The worksheet in the record is a poor quality copy of a handwritten sheet, and it is difficult to discern some of the convictions, as well as the criminal history calculation
 
 
 [3]
 This case is not rendered moot by Scott's completion of his prison term, as a favorable decision on appeal affects the duration of his supervised release. See McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993)