# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

———————

No. 96-2795

———————

United States of America,     *
                               *
           Appellee,            *
                               *   Appeal from the United States
     v.                     *   District Court for the
                               *   District of Nebraska
Kathy J. Stout,                 *
                               *        [UNPUBLISHED]
           Appellant.          *

———————

Submitted:  March 7, 1997

Filed:  March 20, 1997

———————

Before McMILLIAN, MAGILL and MORRIS SHEPPARD ARNOLD, Circuit     Judges.

———————

PER CURIAM.

Kathy J. Stout, a Native American, appeals her three-month sentence imposed by the United States District Court[1] for the District of Nebraska after she pleaded guilty to theft of federal funds, in violation of 18 U.S.C. § 666(a)(1)(A). Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons discussed below, we affirm.[2]

———————

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

[2]Although Stout has served her prison sentence, this appeal is not moot because she is still serving her term of supervised release. See <u>United States v. Chavez-Palacios</u>, 30 F.3d 1290, 1293 (10th Cir. 1994); <u>McClain v. Bureau of Prisons</u>, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam); <u>United States v. Smith</u>, 991 F.2d 1468, 1470 (9th Cir. 1993); <u>United States v. Huang</u>, 977 F.2d 540, 542 n.1 (11th Cir. 1992) (per curiam).

Stout argues that the district court impermissibly considered race as a factor in her sentence, as evidenced by its statement that imprisonment was required "for other people at the reservation and throughout the state of Nebraska to know that when you steal $27,000 of the federal government's money, you're going to jail for it for a while."

In support of her appeal, Stout relies on United States v. Onwuemene, 933 F.2d 650, 651-52 (8th Cir. 1991) (reference to alien status constituted incorrect application of guidelines and violation of due process).  We find Onwuemene distinguishable.  Here, the district court did not specifically address Stout's race or her particular status as a Native American; rather, the court discussed in general terms the need to impose imprisonment as a deterrent to show people both in the reservation and throughout Nebraska that stealing government property has severe consequences.  Thus, we conclude that, taking the district court's comments in context, the court did not impermissibly consider Stout's Native American status in imposing the three-month sentence.

Having carefully reviewed the record, we find no other nonfrivolous issues for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.