**Olando Jesus SUAZA, Petitioner–Appellant,**

v.

**DEPARTMENT OF JUSTICE; Elkton F.C.I., Respondents–Appellees.**

No. 00–3935.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before MARTIN, Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

Olando Jesus Suaza, proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In November 1993, Suaza pleaded guilty to conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C. §§ 841 and 846, and use of a communication facility in violation of 21 U.S.C. § 843. Suaza was sentenced to a total of 120 months of imprisonment, and he is incarcerated at the Federal Correctional Institution (FCI) at Elkton, Ohio. In May 2000, Suaza filed his § 2241 petition in the United States District Court for the Northern District of Ohio, arguing that the FCI and

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

the United States Department of Justice have improperly calculated his sentence. Specifically, he maintained that he is entitled to approximately 367 days credit towards his federal sentence for the time he spent in federal custody prior to the commencement of his federal sentence. Upon review, the district court concluded that Suaza's petition failed to state a valid claim for relief and dismissed the petition.

Suaza has filed a timely appeal, essentially reasserting his claim. He also argues that the district court improperly dismissed his petition without requiring an answer from the respondent. Suaza has filed a motion to proceed in forma pauperis on appeal.

The district court properly dismissed Suaza's § 2241 petition as without merit. Courts of appeal render de novo review of a district court order dismissing a § 2241 petition. *See Fowler v. United States Parole Comm'n,* 94 F.3d 835, 837 (3d Cir. 1996).

Suaza is not entitled to credit towards his federal sentence for the time he spent in federal custody prior to the commencement of his federal sentence. Title 18 of the United States Code, section 3585(b) provides, in pertinent part, that a defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: 1) as a result of the offense for which the sentence was imposed; or 2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, so long as that time has not been credited against another sentence. It is undisputed that Suaza received credit on his state sentence for the time he spent in federal custody prior to the commencement of his federal sentence. Because Suaza received credit on his state sentence for the time period in question, he may not

receive credit for this time on his federal sentence. *See* 18 U.S.C. § 3585(b); *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir.1993). If Suaza were credited for this time against his federal sentence, he would be receiving improper double credit. *See McClain,* 9 F.3d at 505.

Finally, contrary to Suaza's argument on appeal, the district court properly dismissed his § 2241 petition without first requiring a response from the government. District courts are authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or any exhibits annexed to it that the petitioner is not entitled to relief in the district court. *See* 28 U.S.C. § 2243.

Accordingly, we grant Suaza pauper status for the limited purpose of this review and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.