**Danny E. GARRETT, Petitioner–Appellant,**

v.

**George SNYDER, Warden, Respondent–Appellee.**

No. 00–5749.

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

Danny E. Garrett, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 3, 1999, Garrett filed a petition for a writ of habeas corpus against George Snyder, warden of the Federal Correctional Institution located in Manchester, Kentucky, where Garrett is incarcerated. Garrett explained that on July 23, 1993, he pled guilty in federal court to the charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On March 4, 1994, Garrett was sentenced on the federal charge to serve 180 months in prison. On March 2, 1995, the federal court issued a *nunc pro tunc* order directing the March 4, 1994, federal sentence to run concurrently with the state sentences that Garrett was serving at the time of his federal conviction.

In December 1997, Garrett was paroled by the state of Tennessee and released to the custody of the Bureau of Prisons ("BOP") to serve his federal sentence. The BOP credited Garrett's federal sentence with the time that he spent incarcerated in state prison after March 4, 1994. The period of time that Garrett spent in state custody prior to March 4, 1994, was not credited to his federal sentence because it had been credited toward his other state sentences.

After unsuccessfully pursuing administrative review with the BOP, Garrett filed the instant habeas corpus petition, in which he sought credit on his federal sentence for the time that he spent in state custody from September 12, 1992, until his federal sentence was imposed on March 4, 1994. Garrett also contended that the district court failed to reduce his federal sentence pursuant to the provisions of United States Sentencing Guidelines ("U.S.S.G.")

§ 5G1.3 when it entered the *nunc pro tunc* order on March 2, 1995.

The district court denied Garrett's habeas corpus petition and dismissed the action. Garrett filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *Asad v. Reno,* 242 F.3d 702, 704 (6th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Garrett's petition.

■ Garrett is not entitled to credit toward his federal sentence for the time that he spent in state custody prior to the imposition of his federal sentence. Under 18 U.S.C. § 3585(b), a defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." Garrett received credit on his state sentences for the time that he spent in state custody between September 12, 1992, and March 4, 1994. Because Garrett received credit toward his state sentences for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. § 3585(b); *United States v. Wilson,* 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir. 1993). If Garrett were credited for this time against his federal sentence, he would receive improper double credit. *See* 18 U.S.C. § 3585(b); *Wilson,* 503 U.S. at 337, 112 S.Ct. 1351; *McClain,* 9 F.3d at 505.

■ We further conclude that Garrett may not challenge the district court's fail-

ure to reduce his federal sentence pursuant to U.S.S.G. § 5G1.3 in the instant § 2241 habeas corpus petition. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir. 2001); *Charles,* 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Garrett's U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which Garrett should bring his U.S.S.G. § 5G1.3 challenge. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Garrett may be entitled to review of his U.S.S.G. § 5G1.3 claim under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The burden is upon Garrett to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles,* 180 F.3d at 756. Garrett has not shown that his remedy under § 2255 is inadequate or ineffective.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.