**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Virinder SINGH, Defendant–Appellant.**

No. 02–3140.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

*ORDER*

Virinder Singh, a pro se federal prisoner, appeals a district court order denying his nunc pro tunc motion for credit for time served while in state custody. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 30, 2000, Singh was arrested on state and federal charges and was placed in an Ohio jail. Singh pleaded guilty in federal court on July 28, 2000, to re-entering the United States without consent of the Attorney General after having been convicted of conspiring to kill an internationally protected person and deported. The district court sentenced Singh on November 21, 2000, to 36 months in prison, which was later reduced to 30 months upon motion of the government. No appeal was filed. On December 11, 2000, the Jefferson County, Ohio Common Pleas Court sentenced Singh to two concurrent six month sentences for committing forgery and selling cigarettes without the state stamp. The state court gave Singh credit for 196 days already served and ordered that the state sentence run concurrently with his federal sentence. Singh was then transferred to federal custody.

Relying on the Ohio state court judgment, Singh filed his instant motion and asserted that his time in state custody should be credited against his federal sentence. The district court denied the motion, reasoning that it lacked jurisdiction to calculate sentencing credit, to reduce Singh's sentence under 18 U.S.C. § 3582(c), or to order the federal sentence to run concurrently. Moreover, 18 U.S.C.

§ 3585(b) barred double-counting of Singh's time in Ohio jails.

On appeal, Singh reasserts that he should receive sentencing credit for time served in Ohio jails and he newly argues that his federal conviction was in violation of Article IV(e) of the Interstate Agreement on Detainers (IAD). Singh requests his appeal be certified to the Supreme Court.

As an initial matter, we decline to consider Singh's IAD claim. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances are present in this case.

We construe Singh's motion as a 28 U.S.C. § 2241 petition for a writ of habeas corpus because he requests relief from the execution of a federal sentence. *See United States v. Jalili,* 925 F.2d 889, 893–94 (6th Cir.1991). This court reviews de novo a district court's denial of a § 2241 petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court lacked subject matter jurisdiction because Singh failed to allege in the district court that he had exhausted administrative remedies before bringing this action. Although they are not properly before the court, documents attached to Singh's appellate brief show that, at most, Singh partially exhausted his administrative remedies before the Bureau of Prisons (BOP). It appears that the warden denied his request for administrative relief, and that the Northwest Regional Office denied his appeal on December 11, 2001, but that Singh did not appeal the regional decision to the BOP's Office of General Counsel. Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit. *United States v. Westmoreland,* 974 F.2d 736, 737–38 (6th Cir.1992). A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing. *United States v. Wilson,* 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *McClain v. Bureau of Prisons,* 9 F.3d 503, 504 (6th Cir.1993).

Accordingly, Singh's request for certification is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.