**Gerald BROADWATER, Petitioner–Appellant,**

v.

**Linda SANDERS, Respondent–Appellee.**

No. 02–5771.

United States Court of Appeals, Sixth Circuit.

Feb. 20, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

*ORDER*

Gerald Broadwater, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 27, 2002, Broadwater filed a petition for a writ of habeas corpus against Linda Sanders, warden of the Federal Correctional Institution located in Ashland, Kentucky, where Broadwater is incarcerated. Broadwater alleged that, on October 19, 2001, his supervised release was revoked by the United States District Court for the Northern District of Georgia and, as a result of such revocation, he was sentenced to serve eighteen months in prison. Broadwater alleged that he had previously served seventeen months of time in federal custody but the Bureau of Prisons ("BOP") improperly refused to credit his current federal sentence with that time.

After unsuccessfully pursuing administrative review with the BOP, Broadwater filed the instant habeas corpus petition, in which he sought credit on his current federal sentence for the seventeen-month period of time that he previously spent in federal custody. The district court denied Broadwater's habeas corpus petition and dismissed the action. Broadwater filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Broadwater's petition.

On February 28, 1995, Broadwater was sentenced to serve two years of imprisonment as a result of his convictions in a Tennessee court for several counts of forgery. On June 16, 1995, Broadwater was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum in order to answer federal charges lodged against him in the United States District Courts for the Eastern and Western Districts of Kentucky. Broadwater was convicted of two counts of bank fraud in the Eastern District of Kentucky and, on January 16, 1996, was sentenced by that court to serve twenty-seven months of imprisonment, to run consecutively to his state sentence. Broadwater was subsequently convicted of several counts of conspiracy and bank fraud in the Western District of Kentucky and, on October 10, 1996, was sentenced by that court to serve forty-five months of imprisonment, to run concurrently with all of his previously-imposed state and federal sentences. Broadwater was returned to Tennessee state custody on November 6, 1996. Broadwater was paroled from his state sentence on March 21, 1997, and, on November 10, 1997, his state sentence expired.

The Attorney General, through the BOP, calculates any sentence credits to which a federal defendant may be entitled for pre-sentence time spent in official detention. *United States v. Wilson*, 503 U.S. 329, 334–37, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993). A defendant can receive sentence credit for any time that he has been incarcerated prior to the commencement of his sentence if he was incarcerated "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). Thus, a defendant cannot receive "a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Broadwater is not entitled to credit toward his current federal sentence for the

seventeen-month period of time that he previously spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. The record indicates that Broadwater received credit toward his state sentence for the seventeen-month period of time that he spent in federal custody between June 16, 1995, and November 6, 1996. Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. § 3585(b); *Wilson,* 503 U.S. at 337; *McClain,* 9 F.3d at 505. If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit. *See* 18 U.S.C. § 3585(b); *Wilson,* 503 U.S. at 337; *McClain,* 9 F.3d at 505.

Broadwater's contention that the seventeen-month period of time that he served in federal custody prevented him from being paroled from his state sentence earlier does not compel a different result. Broadwater contended that had he been retained in state custody, he would have been eligible to earn state sentence credits for good behavior and performance which would have shortened his state sentence. However, Broadwater had no "constitutional or inherent right" to parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, Broadwater's argument is pure speculation on his part, as eligibility to earn sentence credits does not equate with entitlement to sentence credits. In any event, since Broadwater has been paroled and his state sentence has expired, this issue is moot.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.