**Felix NWAEBO, Petitioner–Appellant,**

v.

**WARDEN, FCI, ELKTON, Respondent–Appellee.**

No. 03–3037.

United States Court of Appeals, Sixth Circuit.

Sept. 8, 2003.

Felix Nwaebo, Pro Se, Lisbon, OH, for Petitioner–Appellant.

Marlon A. Primes, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Respondent–Appellee.

Before GUY and DAUGHTREY, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

Felix Nwaebo, a federal prisoner, moves for pauper status and appeals pro se a district court order dismissing his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Nwaebo was convicted following a 1992 jury trial of conspiracy to possess with intent to distribute heroin, conspiracy to import heroin, and distribution of heroin. He was sentenced to 188 months of imprisonment. His conviction was affirmed on direct appeal, a motion to vacate sentence was denied, and motions to reduce sentence and for credit for time served were denied. He then filed this petition under 28 U.S.C. § 2241, raising claims that the jury did not determine the type or quantity of drugs used to increase his sentence, the type and quantity of drugs were not alleged in the indictment, the jury instructions were improper, and the guidelines had been misapplied. The district court dismissed the petition sua sponte, and this appeal followed. However, in his brief on appeal, Nwaebo is now arguing that he is seeking credit towards his sentence for four months of pretrial incarceration.

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Upon consideration, we conclude that the district court properly dismissed the petition filed below, as § 2241 is designed for challenges to the execution of a sentence, not its imposition or validity. *Capaldi v. Pontesso,* 135 F.3d 1122, 1123 (6th Cir.1998). In order to bring claims challenging the imposition of a sentence under § 2241, it must appear that a motion to vacate under 28 U.S.C. § 2255 would be inadequate or ineffective; this requires more than a showing that relief was already denied under that provision. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999).

In this case, Nwaebo does not argue that the claims he raised in the district court could properly be considered under § 2241. Therefore, those claims are considered abandoned and need not be reviewed. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991). Instead, he argues that his sentence credits were erroneously computed, and claims that he can seek relief for that error under § 2241, citing *McClain v. Bureau of Prisons,* 9 F.3d 503 (6th Cir.1993). While that argument may be valid, Nwaebo raised no such claim in this petition. The court need not review this new argument which was not raised in the petition below. *Chandler v. Jones,* 813 F.2d 773, 777 (6th Cir.1987). If Nwaebo seeks review of his new claim, he should file a petition raising the issue in the district court.

Accordingly, the motion for pauper status is granted for purposes of this appeal, and the district court's order dismissing this petition is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.