Vance G. BRIDGEMAN, Petitioner–Appellant,

v.

BUREAU OF PRISONS, Respondent–Appellee.

No. 03–6492.

United States Court of Appeals, Sixth Circuit.

Sept. 20, 2004.

Vance G. Bridgeman, Manchester, KY, pro se.

Before GUY and SUTTON, Circuit Judges; CARR, District Judge.*

### ORDER

Vance G. Bridgeman appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Bridgeman was convicted of bank robbery in state court in Illinois. On March 24, 1997, the state trial court sentenced him to three years of imprisonment. On May 20, 1997, while in state custody serving his sentence, Bridgeman was temporarily released to the United States Marshal Service and brought before the United States District Court for the Northern District of Indiana. On December 15, 1997, he pleaded guilty to federal bank robbery charges, and he was sentenced to 103 months of imprisonment, to be served concurrently with the undischarged term of his state sentence. On December 24, 1997, he was released from the state sentence.

In May 2001, Bridgeman filed his first § 2241 petition, and it was dismissed for failure to prosecute because he did not pay the filing fee. The district court dismissed Bridgeman's second § 2241 petition because he had not exhausted his administrative remedies prior to filing the petition. Bridgeman's third § 2241 petition was also dismissed because he had not exhausted his administrative remedies.

In his current § 2241 petition, Bridgeman argued that he is entitled to federal sentencing credit for the period from May 20, 1997, through December 14, 1997. Upon review, the district court dismissed the petition as without merit because Bridgeman had already received credit for the requested time period on his state sentence. Bridgeman has filed a timely appeal, essentially reasserting his claim. He has also filed a motion to proceed in forma pauperis on appeal and a motion to expedite the appeal.

Upon review, we conclude that the district court properly dismissed Bridgeman's § 2241 petition as without merit. We review de novo a district court judgment dismissing a habeas corpus petition filed under 28 U.S.C. § 2241. *See Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999).

In this case, it is undisputed that Bridgeman received credit on his state sentence for the time he spent in federal

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

custody prior to the commencement of his federal sentence. A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of: 1) the offense for which the sentence was imposed; or 2) any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, so long as that time has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). Here, because Bridgeman received credit on his state sentence for the time period in question, he may not receive credit for this time on his federal sentence. *See McClain v. Bureau of Prisons,* 9 F.3d 503, 505 (6th Cir.1993). If Bridgeman were credited for this time against his federal sentence, he would be receiving improper double credit. *See id.*

Accordingly, we grant Bridgeman pauper status for the limited purpose of this review, deny his motion to expedite as moot, and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.