NOT FOR FULL-TEXT PUBLICATION
File Name: 11a0019n.06

No. 08-4736

**FILED**
**Jan 10, 2011**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CARLTON ALEXANDER,

        Petitioner-Appellant,

v.

BUREAU OF PRISONS,

        Respondent-Appellee.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

BEFORE:  SUHRHEINRICH, CLAY, and ROGERS, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  Petitioner-Appellant Carlton Alexander ("Alexander"), a pro se federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 petition alleging he was erroneously deprived of credit on his sentence.  For the reasons that follow, we REVERSE and REMAND.

**I.**

**A.**

On July 9, 2000, Alexander began serving a four and one-half year prison sentence at State Correctional Institution Mahanoy (SCI-Mahanoy) in Frackville, Pennsylvania.  Two years later he pleaded guilty to reentry as a deported alien in violation of 8 U.S.C. § 1326(a) and (B)(2).  The district court sentenced him to fifty-seven months of imprisonment, to run consecutively to the state

sentence. Alexander was transferred from state prison to the custody of the Bureau of Prisons ("BOP") on November 26, 2006.[1]

In September 2008, Alexander filed this federal habeas corpus petition, asserting that he had been paroled by the State of Pennsylvania on May 2, 2006, and seeking a credit against his federal sentence pursuant to 18 U.S.C. § 3585(b), for the time spent in state custody between May 2, 2006, and November 26, 2006. In support, Alexander alleged (but the Bureau of Prisons does not concede) that at some point during his state incarceration, the former Immigration and Naturalization Service ("INS")[2], issued a detainer. The detainer, which is undated, is addressed to Cumberland County Prison from Special Agent Robert Naughton of the INS. The detainer advised that the INS was investigating whether alien "Carlton Peter MCKIE" (the BOP does not admit that the document was lodged against Alexander) was subject to removal and asked that the INS receive at least thirty days' advance notice of Alexander's release from prison.

Alexander attached the detainer to his petition. He also attached copies of several administrative grievance petitions. In these petitions, Alexander stated that he was paroled on June 20, 2006. In the disposition section of these documents, various staff members of the BOP indicated that they had been told by officials of SCT Mahanoy that Alexander was not paroled from his state sentence until November 27, 2006.

The district court denied Alexander's petition under its § 2243 screening authority before the government filed a response. The court determined that other than Alexander's "conclusory

---

[1]It is unclear why Alexander was still serving his four and one-half year sentence in 2006. Alexander does not argue that the sentence expired prior to 2006, however.

[2]Now lodged in the Bureau of Immigration and Customs Enforcement within the Department of Homeland Security.

statement," there was no evidence that his state parole ended on May 2, 2006. Thus, according to the district court "[Alexander's] suggestion that he was entitled to parole because an INS detainer may have been lodged against him on that date is not a valid claim." The district court also reasoned that "Alexander remained in custody because he still needed to serve a federal sentence consecutive to his state sentence," but "[s]ince Alexander's failure to obtain release was not caused by the federal detainer," he was not entitled to a credit against his federal sentence. The district court certified pursuant to 28 U.S.C. § 1915(a)(3) that the appeal could not be taken in good faith.

Alexander filed this timely appeal.

## II.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (stating that court of appeals reviews de novo "the legal conclusions of the district court in a habeas corpus decision") (affirming the district court's sua sponte dismissal of the writ); *see also Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999).

The district court dismissed Alexander's petition at the screening stage pursuant to Section 2243. Section 2243 provides that a court or judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (stating that under § 2243, the district court has a duty to screen out a habeas corpus petition which is meritless on its face).[3] At this stage, allegations in the Petition are taken as true and

---

[3] *Cf.* 28 U.S.C. §§ 1915(e) and 1915A (requiring the district court in civil cases filed by prisoners to dismiss a case if it determines that the claim "is frivolous" or "malicious," or "fails to state a claim on which relief may be granted").

liberally construed in Petitioner's favor. *Urbina*, 270 F.3d at 295. *See also Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation marks and citation omitted). Pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and therefore should be construed liberally. *Cf. Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding under the Prison Litigation Reform Act that the district court cannot dismiss a pro se prisoner's pleading merely "because the court finds the plaintiff's allegations unlikely").

Alexander asserted in his petition that he is entitled to credit for time served on a federal detainer between May 2, 2006, the day he was granted parole by the state, and November 26, 2002, when his federal sentence commenced, November 26, 2002. If the factual allegations in Alexander's petition are correct, he would be entitled to credit for the time served on the federal detainer after being paroled by the state pursuant to § 3585(b). Under 18 U.S.C. § 3585(b), a federal defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" if it is "(1) as a result of the offense for which the sentence was imposed"; or "(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed[,]" if that time has not been credited against the state sentence. 18 U.S.C. § 3585(b). *See generally United States v. Wilson*, 503 U.S. 329, 334-37 (1992); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (per curiam). A federal sentence "commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."

18 U.S.C. § 3585(a). A defendant may not receive a "double credit" for detention time. *Wilson*, 503 U.S. at 337.

Thus, whether the district court properly dismissed Alexander's petition pursuant to § 2243 depends on the factual allegations in the petition. Liberally construing the petition, Alexander has provided sufficient factual allegations to support his claim. The district court erred in characterizing Alexander's claim as "conclusory," and in requiring him at this stage to provide evidence that his state parole ended in May 2006. At the motion to dismiss stage, all factual allegations are deemed true, *see Urbina*, 270 F.3d at 295, and Alexander was not required to present any evidence supporting his claim. Instead, the district court should have ordered the BOP to show cause for why the writ should not be granted. In other words, at this stage in the process, it is incumbent on the BOP to controvert the petitioner's allegation that he was paroled earlier than November 26, 2006, and to give the petitioner the opportunity to demonstrate that he was paroled before that date.

Granted, "[d]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed.R.Civ.P. 10(c)); Fed R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.") However, the slight discrepancies between Alexander's pro se petition and attached exhibits do not undermine the validity of his legal claim. The "statements" in the exhibits indicating that the state paroled Alexander in November 2006, rather than May 2006 as Alexander alleges, are handwritten notes by prison officials in their disposition notes to Alexander's grievance petitions. A defendant's contradiction of a point in fact cannot sustain a motion to dismiss, especially since the action here turns on the correct date of Alexander's parole. Further, the minor inconsistency between a May

2006 and June 2006 parole date also does not render Alexander's complaint facially implausible. Finally, the district court's assertion that Alexander's failure to obtain release was not caused by the federal detainer is also not sustainable given the absence of any proof on that point.

The Supreme Court has stated that "[t]here is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of petitions for writs of habeas corpus, for it is in such proceedings that a person in custody charges that error, neglect, or evil purpose has resulted in his unlawful confinement and that he is deprived of his freedom contrary to law." *Harris v. Nelson*, 394 U.S. 286, 292 (1969). Because Alexander's allegations "show reason to believe that [he] may, if the facts are fully developed, be able to demonstrate" he is entitled to a sentence credit, *see id.* at 300, we hold that Alexander's pro se petition was improperly dismissed under § 2243. The judgment of the district court is REVERSED and REMANDED for proceedings consistent with this opinion.