NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014[*]
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 14-1065

| | |
|---|---|
| AVON TWITTY, | Appeal from the United States District |
| *Plaintiff–Appellant*, | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
| *v.* | |
| | No. 2:11-cv-299-WTL-WGH |
| CHARLES L. LOCKETT, | |
| *Defendant–Appellee*. | William T. Lawrence, |
| | *Judge*. |

**O R D E R**

Avon Twitty served 27 years in prison for crimes he committed in
Washington, D.C., in 1982. In 2007, while Twitty still was confined at the federal
penitentiary in Terre Haute, Indiana, he submitted the first of at least five grievances

---

[*]After examining the briefs and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record.
*See* FED. R. APP. P. 34(a)(2)(C).

seeking credit for 731 days of good time that he said was wrongly withheld. An administrator at the prison answered Twitty's first grievance and explained that the calculation of his good time was accurate. The later grievances were rejected as repetitive, and Twitty's administrative appeals were denied. He was paroled in January 2011, and ten months later he filed this damages action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Twitty claimed that not giving him the good time he sought had denied him due process and pushed back his parole date in violation of the Eighth Amendment. He named as defendant Charles Lockett, who in 2011 was the warden at the Federal Correctional Complex in Terre Haute.

Previously, in March 2010, Twitty had petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, asserting that the Bureau of Prisons had miscalculated his good time (including by not awarding the 731 days at issue in this case). The district court understood Twitty to be challenging the denial of parole in 2009, not the miscalculation of good time that delayed his release. The § 2241 petition still was pending in 2011 when Twitty was paroled, so the court reasoned that the petition was moot and dismissed it. Twitty did not appeal that ruling.

Twitty's *Bivens* action fared no better. In granting summary judgment for Lockett, the district court concluded that Twitty had sued beyond the two-year statute of limitations governing personal-injury suits in Indiana, which applies to *Bivens* actions arising in the state. *See King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Twitty moved for reconsideration, *see* FED. R. CIV. P. 59(e), arguing, in part, that his final grievance concerning the 731 days of good time had not been denied by Lockett until April 2010, less than two years before he filed his *Bivens* suit. The district court rejected that argument, explaining that Twitty's repetitive grievances did not toll the statute of limitations after his first grievance was fully resolved in 2009.

On appeal Twitty disputes that his final grievance was repetitive, but he is wrong. As early as 2007, Twitty had complained about being shorted 731 days of good time, and the final appeal of that grievance was resolved by May 2009. Even if the statute of limitations was tolled during the administrative process, *see Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008), Twitty did not file this suit against Lockett until November 2011, more than two years later. Twitty cites no authority, and we have not found any, suggesting that repetitive grievances about the same underlying matter will toll a statute of limitations.

More importantly, the statute of limitations is the least of Twitty's problems. Federal inmates have a liberty interest in earned good time. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). But Twitty has never contended that 731 days were revoked without due process. Rather, he claims that the BOP botched the award of good time. Yet prison administrators do not violate the Constitution simply by miscalculating good time. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998); *Wottlin v. Fleming*, 136 F.3d 1032, 1036–37 (5th Cir. 1998). Twitty's complaint does not state a constitutional claim, and even if it did, that claim would not be against Lockett, who was not involved in the computation of Twitty's good time. Indeed, Lockett did not *work* at the prison complex in Terre Haute when the BOP computed Twitty's good time.

What's more, a *Bivens* suit was not the proper avenue for relief. Twitty's claim that his good time was miscalculated belongs in a petition under 28 U.S.C. § 2241. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). A remedy under *Bivens* is not a panacea for every wrong asserted against federal officials. *See Minneci v. Pollard*, 132 S. Ct. 617, 621–23 (2012); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68–70 (2001). Twitty filed a § 2241 petition, and though the district court may have misinterpreted that petition, his recourse was to file an appeal, not a *Bivens* suit. The suit against Lockett was without merit, as is this appeal.

**AFFIRMED**.