**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**William B. CHASE, III, Defendant–
Appellant.**

**No. 03–6162.**

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 2004.

Katrina U. Earley, Asst. U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

William B. Chase, III, Pollock, LA, pro se.

Michael J. Stengel, Stengel Law Office, Memphis, TN, for Defendant–Appellant.

Before NELSON and COOK, Circuit Judges; and ROSEN, District Judge.*

*ORDER*

William B. Chase, III, a federal prisoner, appeals the sentence imposed upon his conviction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a written plea agreement, Chase pleaded guilty in 2003 to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). In exchange for his plea, the government agreed to recommend the statutory minimum sentence of 180 months in prison. See 18 U.S.C. § 924(e). Chase's guidelines range of imprisonment was calculated to be 180 to 210 months, based on a total offense level of 31 and a criminal history category of VI. He did not file any objections to the presentence investigation report, but did request credit for time served in a local jail while state and federal charges were pending. The district court denied the request, reasoning that it lacked the authority to grant credit for time served, and sentenced Chase to 180 months in prison and 3 years of supervised release.

Chase's court-appointed counsel has filed an appellate brief with this court and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the entire record, counsel was of the opinion that there were no meritorious grounds for appeal, but nonetheless raised the issue of whether Chase was entitled to time served in the jail pursuant to 18 U.S.C. § 3585(b). Chase was notified of his right to respond to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we conclude that counsel's motion to withdraw must be granted as counsel has filed an acceptable *Anders* brief.

The district court properly denied Chase's request for credit for time served. Although 18 U.S.C. § 3585(b) entitles a defendant to sentencing credit under certain circumstances for time spent in official detention prior to the beginning of the sentence, it is the Attorney General through the Bureau of Prisons and not the district court that has the authority to grant the credit. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir.2001). Only after a prisoner has exhausted his remedies through the Bureau of Prisons, see 28 C.F.R. §§ 542.10–.16, may the prisoner then seek judicial review pursuant to 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.