NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0278n.06
Filed: April 25, 2006

No. 05-1403

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| THOMAS FRANKLIN WOODY, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| HELEN J. MARBERRY, WARDEN, | ) | O P I N I O N |
| | ) | |
| *Respondent-Appellee.* | ) | |

BEFORE:     MARTIN, NELSON, and COLE, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** *Pro se* Petitioner-Appellant Thomas Franklin Woody

filed a habeas petition in the judicial district in which he was incarcerated pursuant to 28 U.S.C. §

2241. The district court determined that, while a portion of Woody's petition properly sought relief

under § 2241, Woody raised claims that should have been brought under 28 U.S.C. § 2255. The

district court concluded that 1) relief under § 2241 was improper because the Bureau of Prisons did

not err in calculating Woody's sentence and that Woody had not shown that the remedy under §

2255 was inadequate such that he could seek relief for his ostensible § 2255 claims under § 2241,

and 2) that § 2241 offered the incorrect framework to analyze Woody's § 2255 claims. The district

court then recharacterized Woody's petition under § 2241 as a petition under § 2255 and determined

that the interest of justice did not require that Woody's petition be transferred to the Northern

District of Florida, where Woody properly could have brought his § 2255 petition. Finally, the district court dismissed Woody's petition for lack of jurisdiction.

For the following reasons, we **AFFIRM** the district court's judgment as to Woody's § 2241 claims, **VACATE** the district court's jurisdictional holding on Woody's § 2255 claim and **REMAND** for the limited purpose of having the district court comply with the Supreme Court's opinion in *Castro v. United States*, 540 U.S. 375 (2003), and give Woody the opportunity to either withdraw his petition, have his petition transferred under 28 U.S.C. § 1631 to the appropriate judicial district, or have his petition construed as one being brought under § 2255 and, therefore, be denied on jurisdictional grounds.

**I.**

The essential facts of this case are not in dispute. On March 31, 1994, Woody was in state custody in Florida serving a two and one-half year state prison sentence. Pursuant to a writ of habeas corpus ad prosequendum, Woody was brought into federal custody. On July 29, 1994, Woody was sentenced to three concurrent 140-month terms of imprisonment in the United States District Court for the Northern District of Florida on three counts of bank robbery. The judgments of sentence indicated that the federal sentences would run concurrently with one another but were silent as to whether the federal sentences would be concurrent or consecutive to any sentences imposed in the state courts.

On August 1, 1995, Woody completed his first state sentence. However, while Woody was serving this state sentence, "a detainer was placed on him by the Hillsborough County Circuit Court in Tampa, Florida for a hearing to determine whether to" punish Woody for violating his

probation/community control status on several felony convictions. On August 3, 1995, two days after completing his first state sentence, Woody's community control status was revoked and he was sentenced to five and one-half years in state prison by the Hillsborough County Circuit Court.

As the district court summarized:

> Petitioner remained in the custody of the State of Florida until he was discharged from his state sentence by the Florida Department of Corrections (F.D.O.C.) on November 26, 1997. Petitioner was then transferred to the Bureau of Prisons to commence his federal prison sentences.

> On March 19, 2004, petitioner filed a request with the Bureau of Prisons [("B.O.P.")] to receive approximately twenty eight months credit against his federal sentences for the time between August 3, 1995 and November 26, 1997 that he was incarcerated in the State of Florida after his probation was revoked . . .. Because the judgment in petitioner's federal sentences had been silent as to whether these sentences would be served consecutively or concurrently to any as yet imposed state sentences, the B.O.P. contacted the federal judge in this case pursuant to Program Statement 5160.05, to ascertain his intent when sentencing petitioner. On June 17, 2004, Judge Maurice M. Paul wrote the B.O.P.'s Inmate Systems Administrator and informed him that *his intent was that petitioner's federal sentences would commence only after he had completed his state sentence and "entered into exclusive federal custody."*

(Emphasis added).

At about the same time the administrative procedure was occurring, Woody moved the Northern District of Florida to clarify which date his federal sentence commenced. On June 23, 2004, the district court denied the motion, stating that Woody's "federal sentence was meant to run consecutively to his state sentence, thereby setting the date he entered into exclusive federal custody, November 26, 1997, as the date his sentence commenced."

On July 3, 2004, Woody sought reconsideration in the Florida district court. This motion was denied on July 21, 2004.

On December 9, 2004, pursuant to 28 U.S.C. § 2241, Woody filed a petition for a writ of habeas corpus in the Eastern District of Michigan, the judicial district in which he was incarcerated at the time he filed his petition. Woody's petition basically contained two substantive claims. First, Woody claimed that the Bureau of Prisons ("BOP") miscalculated his sentence under federal law. Second, Woody claimed that the order of the Florida district court ten years after Woody's federal conviction and original sentence, which held that Woody's sentence was to run consecutively to the yet-to-be-imposed state sentence, violated federal law and the Constitution.

The district court analyzed Woody's first claim through the lens of § 2241, and determined that Woody did not have a cognizable § 2241 claim. The district court then determined that the rest of Woody's claims relating to the Florida district court's 2004 sentencing order should have been brought pursuant to 28 U.S.C. § 2255 rather than § 2241. The district court determined that Woody had not met his burden to show that § 2255 provided an inadequate remedy such that § 2241 was the proper avenue for habeas relief. The district court further determined that it was without jurisdiction to adjudicate Woody's § 2255 petition.

Importantly, while it did not do so explicitly, the district court recharacterized Woody's *pro se* habeas petition as one under § 2255 when it considered transferring Woody's habeas petition to the Northern District of Florida because the district court could not transfer a § 2241 petition to Florida. The district court did this without notice to Woody that the court intended to recharacterize part of Woody's motion as a habeas petition brought pursuant to § 2255, and without providing Woody an opportunity to withdraw his § 2255 claims.

Woody timely appealed. On appeal he claims that § 2241 afforded the Eastern District of Michigan jurisdiction over his habeas petition, that § 2255 was an inadequate remedy to address his sentencing issues, that the Florida district court erred in changing the conditions of his sentence, and that the BOP should be required to give him credit for the time served on his second state sentence.

**II.**

We review the denial of § 2241 relief *de novo*. *Rosales-Garcia v. Holland*, 322 F.3d 386, 400–01 (6th Cir. 2003). We review the factual determinations of the district court for clear error. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).

**A. Woody's § 2241 Claim**

Woody's petition, in part, raises the issue of how his sentence is being executed. Therefore, that part of his petition is proper under § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998).

The general rule is that the BOP has the authority to determine if a defendant is eligible for credit for time served in detention prior to sentencing. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (same). Under § 2241, however, a court can grant relief when sentencing credits are miscalculated. *United States v. Chase*, 104 F. App'x 561, 562 (6th Cir. 2004) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

Woody's original habeas petition claims that 18 U.S.C. § 3585(b) requires the BOP to credit him for the time served on his second Florida conviction. However, § 3585(b) only allows credit for time "that has not been credited against another sentence." *Wilson*, 503 U.S. at 334. The time

that Woody believes that the BOP should credit him was time he served on a state conviction. Therefore, the BOP did not err in calculating Woody's sentence. To the extent Woody is arguing that the BOP should not have relied on the Florida district court's letter clarifying Woody's sentence, that claim is properly brought under § 2255.

We therefore affirm the district court's determination denying Woody's § 2241 claim, as the BOP properly calculated Woody's sentence.

**B. Woody's § 2255 Claim**

Under § 2255, a habeas petitioner convicted of a federal crime must move "the court which imposed the sentence" if he is arguing that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence." Section 2255 has a safety-valve, however, in which a petitioner may bring a claim under § 2241 that, while appearing to be properly brought under § 2255, may be brought under § 2241 if the remedy afforded under § 2255 is inadequate. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); 28 U.S.C. § 2255 ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief . . . to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*." (emphasis added)). The burden of showing that a § 2255 remedy is inadequate lies with the petitioner. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). This is a high burden for a petitioner to meet. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("The circumstances in which § 2255 is inadequate and ineffective are narrow,

for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief.").

On appeal, Woody argues that his remedy under § 2255 was inadequate. He argues that he was procedurally barred from pursuing a § 2255 remedy because § 2255's one-year statute of limitations had expired. Woody contends that he would have had to bring his § 2255 petition within one year of being sentenced — that he would have had to bring his petition by July 29, 1995. Therefore, Woody argues, because he did not know about the potential problem with his sentence until the Florida district court notified the BOP that it intended Woody's federal sentence to run consecutive to any yet to be imposed state sentences, he was foreclosed from raising a § 2255 petition.

Woody's argument as to the statue of limitations is flawed. The one-year "limitation period shall run from the latest of– . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. The facts pertinent to Woody's claim that the Florida district court could not alter his sentence ten years after entering it were not known until June 17, 2004, the date Judge Paul wrote his letter to the BOP clarifying Woody's sentence, at the earliest. Therefore, Woody's habeas petition, filed on December 9, 2004, could have been timely filed as a § 2255 petition if it had been filed in the proper jurisdiction.

Insofar as these claims should have been brought under § 2255 in the Northern District of Florida, the district court was correct that it did not have jurisdiction. However, this does not end our inquiry. While the district court never explicitly used the term "recharacterize," it is clear that

the district court did, in fact, recharacterize the portion of Woody's § 2241 petition that should have been brought under § 2255 as being brought under § 2255. On page eight of its opinion, the district court stated that Woody's petition "should have been filed in the Northern District of Florida." Further, the district court contemplated transferring Woody's petition to the Northern District of Florida, though it ultimately decided that it would not be in the interest of justice to so transfer.[1] Because a § 2241 petition could not have been filed in or transferred to the Northern District of Florida, the district court had to essentially recharacterize a portion of Woody's § 2241 petition as being a § 2255 petition prior to reaching these issues.

There are potentially serious consequences to recharacterizing a § 2241 petition as one being brought under § 2255 because once a petition is construed as being brought under § 2255, there are restrictions placed on a petitioner on filing a second or successive § 2255 petition. The Supreme Court, therefore, pursuant to its "supervisory powers" over the federal judiciary, requires in cases where a *pro se* plaintiff's claim is not brought under § 2255, that the district court prior to recharacterizing the claim,

> *must notify* the pro se litigant that it intends to recharacterize the pleading, *warn the litigant* that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, *and provide the litigant* an opportunity to withdraw the motion . . . . If the court fails to do so, the motion

---

[1] The district court determined that, because the Eleventh Circuit allows sentencing courts to run federal sentences consecutively to state sentences that are yet to be imposed, *see United States v. Andrews*, 330 F. 3d 1305, 1306–07 (11th Cir. 2003); *United States v. Ballard*, 6 F.3d 1502, 1510 (11th Cir. 1993), and that Woody had already filed a motion for reconsideration in the Northern District of Florida that was denied, it would be futile to transfer Woody's petition. Therefore, the district court concluded, it was not in the interest of justice to transfer the petition.

> cannot be considered to have become a § 2255 motion for purposes of applying to
> later motions the law's 'second or successive' restrictions.

*Castro v. United States*, 540 U.S. 375, 383 (2003) (emphasis added). The *Castro* decision was announced prior to Woody filing his habeas petition. When the district court treated a portion of Woody's *pro se* § 2241 petition as if it were a § 2255 petition, the district court had an affirmative obligation to inform Woody of the potential consequences attendant to construing this first petition as one being brought under § 2255. The district court failed to fulfill its obligation to the *pro se* habeas plaintiff as required by *Castro*.

Because the district court did not issue the *Castro* warning, this case is remanded to the district court with the instruction that the district court issue the *Castro* warning to Woody and order the district court, if Woody desires, to transfer Woody's § 2255 petition to the Northern District of Florida under 28 U.S.C. § 1631. Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003) (§ 1631 allows transfers of habeas petitions). The interest of justice would require that Woody's habeas petition be transferred because there is the risk that a newly filed § 2255 petition would be considered time-barred. Further, if the district court had properly warned and notified Woody pursuant to *Castro*, Woody would have been able to file a § 2255 petition in the proper district within the one-year statute of limitations. The district court's failure to follow the clear directive of the Supreme Court and the ensuing potential prejudice to Woody's claim now requires a finding that, if Woody desires, a transfer of his petition is necessary to comply with § 1631.

**III.**

For the foregoing reasons, we **AFFIRM** the district court's judgment on Woody's § 2241 claims, **VACATE** the district court's jurisdictional holding on Woody's § 2255 claim and **REMAND** for the limited purpose of having the district court first give Woody the appropriate *Castro* warning, and then give Woody the opportunity to either 1) withdraw his petition, 2) have his petition transferred under 28 U.S.C. § 1631 to the Northern District of Florida, or 3) have his petition construed as one being brought under § 2255 and, therefore, be denied on jurisdictional grounds.